# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ABINGDON DIVISION

| | | |
|---|---|---|
| **CASSANDRA REGINA SINCLAIR,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:09CV00079 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | By: James P. Jones |
| **COMMISSIONER OF SOCIAL** | ) | United States District Judge |
| **SECURITY,** | ) | |
| | ) | |
| Defendant. | ) | |

*Cassandra ReginaSinclair, Pro se Plaintiff; Eric P. Kressman, Regional Chief Counsel, Robert S. Drum, Assistant Regional Counsel, and Victor J. Pane, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, Philadelphia, Pennsylvania, for Defendant.*

In this social security case, I affirm the final decision of the Commissioner.

I

The plaintiff, Cassandra Regina, Sinclair filed this action challenging the final decision of the Commissioner of Social Security (the "Commissioner") denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits pursuant to Titles II and XVI of the Social Security Act ("Act"), 42 U.S.C.A. §§ 401-433, 1381-1383d (West 2003 & Supp.

2010). Jurisdiction of this court exists pursuant to 42 U.S.C.A. §§ 405(g) and 1383(c)(3).

Sinclair filed for benefits on April 14, 2003, alleging that she became disabled on October 1, 2002 due to a car accident. Her claim was denied initially and upon reconsideration. After a hearing, at which Sinclair was represented by counsel, an administrative law judge ("ALJ") granted Sinclair an 18-month period of benefits ending in April 2004 due to medical improvement. Sinclair sought administrative review, and the Social Security Administration Appeals Council remanded the case for additional proceedings. At a supplemental hearing, Sinclair, represented by counsel, and a vocational expert testified. The ALJ found that Sinclair had not been under a disability after April 2004. The Social Security Administration Appeals Council denied Sinclair's request for review. Sinclair then filed her Complaint with this court, objecting to the Commissioner's final decision.

The parties have filed cross motions for summary judgment and have briefed the issues. The case is ripe for decision.

II

Sinclair was born on November 7, 1957, making her a person closely approaching advanced age. 20 C.F.R. §§ 404.1563(d), 416.963(d) (2010). Sinclair has a GED. She previously worked as a cook, desk clerk, alarm system

monitor/dispatcher, cashier, and truck driver. She claims she is disabled due to back pain, numbness in her extremities, and anxiety.

The ALJ determined that, during the period after April 23. 2004, Sinclair suffered from several severe impairments: hypertension, degenerative disc disease with small disc herniation, parasthesias of the arms and legs, and a mixed adjustment disorder. The ALJ determined that Sinclair has the capacity to perform past relevant work as an alarm system monitor/dispatcher, which is a sedentary positions requiring sitting throughout an eight- to ten-hour day, but no lifting or frequent contact with other people.

III

The plaintiff bears the burden of proving that she is under a disability. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). The standard for disability is strict. The plaintiff must show that her "physical or mental impairment or impairments are of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C.A. § 423(d)(2)(A).

In assessing DIB and SSI claims, the Commissioner applies a five-step sequential evaluation process. The Commissioner considers whether the claimant:

(1) has worked during the alleged period of disability; (2) has a severe impairment; (3) has a condition that meets or equals the severity of a listed impairment; (4) could return to her past relevant work; and (5) if not, whether she could perform other work present in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2010). If it is determined at any point in the five-step analysis that the claimant is not disabled, the inquiry immediately ceases. *Id.*; *McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983). The fourth and fifth steps of the inquiry require an assessment of the claimant's residual functional capacity, which is then compared with the physical and mental demands of the claimant's past relevant work and of other work present in the national economy. *Id.* at 869.

In accordance with the Act, I must uphold the Commissioner's findings if substantial evidence supports them and the findings were reached through application of the correct legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation marks and citation omitted). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is the role of the ALJ to resolve evidentiary conflicts, including inconsistencies in the evidence. *Seacrist v. Weinberger*, 538 F.2d 1054, 1956-57 (4th Cir. 1976). It is

not the role of this court to substitute its judgment for that of the Commissioner. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

Sinclair argues that the ALJ's decision was not supported by substantial evidence. She does not take particular issue with the amount of weight afforded to physicians' opinions or state a specific objection to the ALJ's findings. She insists that she cannot work because of pain and inability to concentrate due to lack of sleep. The Commissioner argues that his decision was supported by substantial evidence.

Although there is evidence that Sinclair has medically determinable impairments, her subjective accounts of her extreme limitations caused by those impairments are undermined by the medical evidence. For example, Cathy Shadden, FNP, gave Sinclair a disability placard but noted that the placard would be temporary because Sinclair did not appear permanently disabled. William H. Humphries, M.D., examined Sinclair and found that Sinclair could do work that required her to sit for six hours, stand for two hours, and walk for two hours during an eight-hour day. Tests, such as MRI scans, did not produce results that support the degree of limitation asserted by Sinclair. At least one doctor noted evidence of malingering.

Sinclair's claims were also undermined by her work history. Sinclair claims that some of her conditions, such as her mental condition, are chronic. However,

the conditions did not prevent Sinclair from earning her GED and holding work positions in the past. Additionally, Sinclair returned to part time work during the period after April 23, 2004, and that work required her to stand for several hours at a time.

In support of Sinclair's claim, Dr. Oudeh did opine in January 2006 that Sinclair was unable to work. A treating physician's medical opinion will be given controlling weight when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2) (2010). However, the ALJ has "the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001). The ALJ was within his discretion to afford less weight to Dr. Oudeh's opinion because the opinion was based on Sinclair's subjective reports of her pain and supported by the medical record. Furthermore, no special weight is afforded to a medical opinion on issues reserved to the Commissioner, such as whether a claimant is disabled. 20 C.F.R. §§ 404.1527(e)(1), 416.927(e)(1) (2010). Therefore, the ALJ's decision was supported by substantial evidence.

IV

For the foregoing reasons, the plaintiff's Motion for Summary Judgment will be denied, and the defendant's Motion for Summary Judgment will be granted. A final judgment will be entered affirming the Commissioner's final decision denying benefits.

DATED: March 11, 2011

/s/ James P. Jones
United States District Judge